GUILLERMINA ALUM-PÉREZ, Appellant, *v.* REGISTRAR OF
ARECIBO, Respondent.

No. 699.   Submitted January 9, 1928.—Decided March 20, 1928.

*Gustavo Zeno Sama* for the appellant.   The registrar did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On November 3, 1927, Guillermina Alum Pérez, a married woman, paid $2,400 in cash before a notary for an undivided interest in certain real estate.

In the deed of conveyance the purchaser expressly states that the purchase money was a part of the proceeds of a sale by her on December 23, 1925, of an hereditary portion in another piece of property which is duly identified by description, by mention of the name of the notary before whom the earlier deed of conveyance was executed, and by reference to the page and volume of the registry where such instrument is recorded.   The purchaser further states in the deed that these facts are personally known to the subscribing witnesses, and a certificate issued by the registrar of property leaves no room for doubt as to the previous conveyance of separate property.

Guillermina Alum Pérez appeals from an adverse ruling by the registrar as to the sufficiency of the showing in regard to the separate character of the purchase money first above mentioned.

In the instant case the purchase price of $2,400 was approximately one-third of the proceeds derived from the former sale. The deed contains no *habendum* clause and there are no words of express limitation upon the grant. However, it is a fair inference from the instrument as a whole that the vendor intended to convey an undivided one-half of his undivided interest in certain real estate to the purchaser as her separate property; also the intention on the part of the purchaser to acquire the interest in question as her separate property and to have it so recorded in the registry of property is set forth in unmistakable terms.

"The presumption in favor of the community, arising from the fact of acquisition during marriage, is an essential part of the jurisprudence of the community property system. Sometimes it is expressly declared by statutes, or takes the form of a statutory definition of community property which, but for amelioration by judicial construction, would render it conclusive and thus a rule of property instead of a mere presumption, and this, regardless of whether the consideration moves from the community or from the separate estate. But everywhere it is merely a prima facie presumption, and may be overcome by proof of facts inconsistent therewith, the burden of proof being upon the party asserting separate ownership in either spouse." 31 C. J. 50, par. 1142.

"In emphasizing the necessity of overcoming the presumption in favor of the community in order to establish separate ownership, the courts, especially in the earlier cases, have frequently used language indicating that considerably more than the preponderance of evidence usually sufficient to establish the affirmative of an issue is required. But in other cases, especially the later ones, the language used, such as that the proof must be 'satisfactory,' or expressions to the same effect, seems to indicate that the issue as to whether property belongs to the separate or to the community estate will be determined, the same as other issues, by a preponderance of the evidence, and it has been expressly so held." Id. 52, par. 1144.

Sections 1314, 1316 and 1322 of our Civil Code read as follows:

"Sec. 1314. The following is the separate property of the spouses: 1. That brought to the marriage as his or her own. 2.

That acquired by either of them during the marriage by título lucrativo, that is to say, by gift, devise or descent. 3. That acquired by right of redemption or by exchange for other property belonging to one of the spouses only. 4. That bought with money belonging exclusively to the wife or to the husband.''

''Sec. 1316. To the conjugal partnership belong:

''1. Property acquired for a valuable consideration during the marriage at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only.

''2. That obtained by the industry, salaries, or work of the spouses or of either of them.

''3. The fruits, income, or interest collected or accrued during the marriage, coming from the partnership property, or from that which belongs to either one of the spouses.''

''Sec. 1322. All the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife.''

As pointed out in *Vázquez* v. *P. R. Ry., Light & P. Co.,* 35 P.R.R. 59, our code definition, unlike that of most other jurisdictions, does not classify as community property all acquisitions during marriage which are not ''specifically designated as separate property.'' See also the extract from 9 Manresa, pages 578 to 580, quoted with approval in the *Vázquez Case.* Manifestly also, the presumption in favor of the community arising from the fact of acquisition during marriage does not in this jurisdiction take the form of a statutory definition ''which, but for amelioration by judicial construction, would render it conclusive and thus a rule of property instead of a mere presumption, and this, regardless of whether the consideration moves from the community or from the separate estate.''

*Hernández* v. *Registrar of San Juan,* 31 P.R.R. 84, is authority for the proposition, stated in the syllabus, that—

''A mortgage created in favor of the wife is recordable as her separate property when the records of the registry corroborate the statement made by her in the mortgage deed to the effect that the money secured by the mortgage is a part of the proceeds of the

sales of different segregations from property recorded in her name as her separate property."

See also *Sociedad Protectora de Niños* v. *Registrar of San Juan*, 29 P.R.R. 909, cited with approval in the *Hernández Case.*

In the case at bar, then, the deed of conveyance directly to the wife for a cash consideration paid by her to the vendor in the presence of the notary, together with the recitals as to the intention of the purchaser and as to the source of the purchase money, supplemented by the extrinsic facts above mentioned, already of record in the registry of property, is enough to overcome the statutory presumption in favor of the community as to property acquired by purchase during marriage, and to establish a *prima facie* case of separate ownership by the wife.

The ruling appealed from must be reversed.